IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ELVIN FERNANDO ROMERO GRANADOS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | 1:25-cv-1869 (PTG/WEF) |
| ) | |
| JEFFREY CRAWFORD, et al., ) | |
| ) | |
| Respondents. ) | |
| ) | |

## ORDER

This matter comes before the Court on Petitioner Elvin Fernando Romero Granados's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen of El Salvador who entered the United States without inspection at an unknown time and date about fifteen years ago. *Id.* ¶ 26. According to the Petition, on September 18, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner. *Id.* ¶ 30. Petitioner is currently being detained at the Farmville Detention Center in Farmville, Virginia, which is within this Court's jurisdiction. *Id.* Respondents have not provided Petitioner with a bond hearing. *Id.* ¶ 95. Petitioner now sues Jeffrey Crawford, the Director of the Farmville Detention Center, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 69–85. Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 6 at 4–8. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 6), and Petitioner's Reply (Dkt. 9), the Court concludes that it has jurisdiction and that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

The central issue in this case is whether Petitioner is an "applicant for admission" and subject to mandatory detention under § 1225(b)(2) or whether his detention is governed by §

1226(a). The Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). As Respondents concede, this Court, and others in this District, have repeatedly rejected Respondents' assertion that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 6 at 2, 5–7. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *9-19 (E.D. Va. Sept. 19, 2025; *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

Petitioner has continuously resided in the United States for about fifteen years since his entry into the country.[1] Dkt. 1 ¶ 29. Accordingly, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge. Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live at a fixed

---

[1] Additionally, the Petition alleges, and Respondents have not disputed, that Petitioner has no criminal convictions. Dkt. 1 ¶ 29.

address and provide that address to the Court within twenty-four (24) hours of the issuance of this Order and appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 24th day of November, 2025.
Alexandria, Virginia

_____
Patricia Tolliver Giles
United States District Judge

3